### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Peter E. Tavani | CHAPTER 13 |
| <u>Debtor</u> | |
| M&T Bank | |
| <u>Movant</u> | |
| vs. | NO. 19-10709 MDC |
| Peter E. Tavani | |
| <u>Debtor</u> | |
| William C. Miller, Esquire | 11 U.S.C. Section 362 |
| <u>Trustee</u> | |

## <u>STIPULATION</u>

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.    The current post-petition arrearage on the mortgage held by the Movant on the Debtors' residence is **$9,767.97,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | March 2019 to July 2019 at $1,246.55/month |
| | August 2019 to September 2019 at $1,252.11/month |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$9,767.97** |

2.    Debtor and Movant have resolved the pending Motion for Relief, filed by Movant on June 17, 2019 as follows:

a). By October 31, 2019, the Debtors will complete a sale of the property located at 476 Revere Drive, Holland, Pennsylvania, 18966 and proceeds from that sale will pay Movant's claim in full, plus any accrued post-petition fees and costs, subject to a current payoff figure.

3.    In the event the sale under Section 2 above is not completed pursuant to the terms of this stipulation, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

4.    The stay provided by Bankruptcy Rule 4001(a)(3) is waived .

5.    If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

6.    If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

7.    The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

8.    The parties agree that a facsimile signature shall be considered an original signature.

Date:   September 24, 2019

Date: _9/24/19_

By: _/s/ Rebecca A. Solarz, Esquire_
Attorney for Movant

John L. McClain, Esquire
Attorney for Debtor

Mitchell J Prince ESQ.

Date: _9/30/19_

William C. Miller, Esquire
Chapter 13 Trustee

**NO OBJECTION**

*without prejudice to any trustee rights or remedies

Approved by the Court this _3rd_ day of _____October_____, 2019. However, the court retains discretion regarding entry of any further order.

Chief U.S. Bankruptcy Judge
Magdeline D. Coleman