## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:

Tavani, Peter E.                      : Chapter 13
    Debtor                                : 19-10709

### REVISED ORDER

**AND NOW**, this 19th day of November 2019, upon consideration of the Second Application to Sell Real Property filed by Debtor, Peter E. Tavani, upon notice to all interested parties, upon filing and any response thereto, and after a hearing before the Court and for good cause shown, it is hereby

    **ORDERED** that the Debtor is granted permission to sell his real property located at 476 Revere Drive, Holland, PA 18966 ("Property"), free and clear of all liens, for the sale price of $269,900.00, pursuant to the terms of a certain real estate agreement of sale dated as of October 12, 2019, to the buyer there under, Mark Homer ("Buyer"), who has been represented to be purchasing the Property at arms-length.

    The proceeds of the sale, including any funds held as a deposit made by or on behalf of the Buyer, shall be distributed in the following manner:

    1. Ordinary and reasonable settlement costs, including but not limited to, real estate transfer taxes, those related to notary services, deed preparation, disbursements, express shipping, surveys, municipal certifications, or any other such routine matters; estimated to be a total of $4,220.00 per seller's estimated ALTA Settlement Statement);

    2. Liens paid at closing including any mortgage claim existing on the subject premises. With respect to the mortgages, either M&T Bank and Wells Fargo will be paid in full subject to a proper payoff quote at the time of closing and closing is required within 30 days of the payoff quote date or a new payoff is required within 30 days of closing; M&T Bank amount to be determined upon receipt of the requested payoff; Wells Fargo Payoff of Second Mortgage is $18,952.42 per seller's estimated ALTA Settlement Statement);

    and

    valid judgment liens if any (Possible Judgment held by American Express and IRS tax liens amounts to be determined);

    3. Outstanding Homeowner's Association fees, if any ($3,402.73 per seller's estimated ALTA Settlement Statement);

    4. Any and all past due real estate taxes, and present real estate taxes if any, shall be prorated to the date of settlement, Municipal claims, if any, including past due sewer, water or refuse charges, and any present municipal claims prorated at settlement ($500 estimated Water Sewer Lien per seller's estimated ALTA Settlement Statement);

    5. Property repairs, if any;

    6. Real estate commission in conformity with the terms, and conformity with the terms, and condition of the agreement of sale and no greater than 6% ($6,747.50 to Buyers Broker and $6,747.50 to Seller's Broker per seller's estimated ALTA Settlement Statement);

      7. Attorney's fees, if any; and

      8. Any reasonable allowances agreed to be made to Buyer to settle any unforeseen dispute arising at settlement;

      After paying all liens in full and all costs of sale, the title clerk shall pay to William C. Miller, Chapter 13 Standing Trustee, 1234 Market Street, Suite 1813, Philadelphia, PA 19107, the balance of the sale proceeds to be distributed by the standing trustee to his applicable commission, upon confirmation, in accordance with debtor's modified plan, which shall require a 100% distribution of the aforementioned funds on all filed and allowed claims.

      The title clerk shall fax a completed HUD-1 or settlement sheet from the closing directly to the trustee immediately upon the close of the settlement to William C. Miller, Trustee at 215-627-6299, and the trustee shall promptly notify the title company of his approval or objections to the sums to be disbursed.

      Upon trustee approval, the title clerk shall fax a copy of the disbursement check to the trustee at 215-627-6299 and shall immediately transmit the actual disbursement check to the trustee by overnight courier to William C. Miller, Trustee, 1234 Market Street, Suite 1813, Philadelphia, PA 19107.

      This Order shall be effective immediately and shall not be subject to the Stay otherwise imposed by Bankruptcy Rule 6004 (g); and

      The Debtor is authorized to sign all deeds and other documents needed to transfer good title to the Real Property to the Buyer.

**BY THE COURT**

_____
**Honorable Magdeline D. Coleman**
**CHIEF U.S. BANKRUPTCY JUDGE**

John L. Mc Clain, Attorney for Debtor
John L. Mc Clain and Associates
PO Box 123
Narberth, PA 19072-0123

Tavani, Peter E.
127 Liberty Drive
Newtown, PA 18940

William C. Miller, Trustee
1234 Market Street, Suite 1813
Philadelphia, PA 19107
Phone 215-627-1377
Fax: 215-627-6299